**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THAI HONG LAM, | : | Civil No. 1:26-CV-01181 |
| Petitioner, | : | |
| v. | : | |
| JESSICA SAGE, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

**MEMORANDUM**

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Thai Hong Lam ("Lam"). (Doc. 1.) Lam argues that he is being wrongfully detained in violation of 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). For the reasons that follow, the court will grant Lam's petition and order him released on the conditions previously imposed.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Lam entered the United States as a refugee on May 25, 1998, and was admitted as a lawful permanent resident. (Doc. 8-2, p. 2.) In 2005 and 2006, Lam was arrested on multiple criminal charges. (*Id.* at 3.) On April 14, 2009, Lam was charged and later convicted of four counts of drug distribution. (*Id.* at 2–3.) He was sentenced to 11 ½ to 23 months incarceration. (*Id.* at 3.)

While serving his sentence, Lam was encountered by Immigration and Customs Enforcement ("ICE") and charged as removable pursuant to the

Immigration and Nationality Act ("INA") §§ 237(a)(2)(A)(iii) and 237(a)(2)(B)(i). (*Id.*; Doc. 8-3.) On January 9, 2012, Lam was ordered removed to Vietnam. (Doc. 8-4.) On March 23, 2012, ICE released Lam from custody on an order of supervision pending issuance of a travel document. (Doc. 8-5, p. 2.)

On October 30, 2025, Lam reported to ICE for his scheduled check-in and was taken into custody pursuant to a notice of revocation of release. (*Id.*) As requested by ICE, Lam completed a travel document request ("TDR") application on November 25, 2025. (Doc. 8-6) On December 16, 2025, ICE contacted the Consul General for Vietnam requesting travel documents on behalf of Lam. (*Id.*) Lam was informed on January 22, 2026, that he would remain in custody pending removal. (Doc. 8-8.) On April 1, 2026, the TDR application was submitted to Vietnam. (Doc. 8-6, p. 2.) Lam is currently detained at Federal Correctional Institution ("FCI") Lewisburg. (Doc. 8, p. 1.)

On May 4, 2026, Lam filed a petition for writ of habeas corpus requesting release from detention against multiple individuals, including Jessica Sage, Warden of FCI Lewisburg ("Respondents").[1] (Doc. 1.) Respondents filed a

---

[1] Respondents submit that the only proper respondent is Jessica Sage because she is the Warden of FCI Lewisburg. (Doc. 8, p. 5–6.) In this case, consistent with *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004), Petitioner has named the Warden as a respondent. *Padilla*, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent.") Because Petitioner has named a proper respondent, the court does not deem it necessary to determine whether the other named Respondents should be dismissed.

response on May 19, 2026, and Lam filed a traverse on June 9, 2026. (Docs. 8, 12.) Thus, this petition is ripe for review.

## STANDARD OF REVIEW AND JURISDICTION

Pursuant to 28 U.S.C. § 2241(c)(3), a district court may consider a writ of habeas corpus when an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States." Claims related to an immigration detainee's request for release from confinement must be brought as a habeas petition as these "claims fall within the 'core' of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 167 (2022)). Jurisdiction for "core habeas petitions . . . lies in only one district: the district of confinement." *Id.* (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)) (internal quotations omitted). Lam is detained at FCI Lewisburg, which is within the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b).

## DISCUSSION

Lam argues that his re-detention violates Section 1231 of the INA, Section 241.13 of the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment. (Docs. 1, 2.) Lam asserts that his detention is unreasonably prolonged beyond the presumptively reasonable six-month period in violation of *Zadvydas*, 533 U.S. 678. (Doc. 2.) Lam requests his immediate release from custody. (Doc. 1, p. 14.)

In opposition, Respondents argue that Lam is lawfully detained under Section 1231(a). (Doc. 8, pp. 6–10.) Respondents submit that there is a likelihood of removal to Vietnam in the reasonably foreseeable future. (*Id.*) In support of this assertion, Respondents rely on a declaration of Alex Hans, a deportation officer for DHS and ICE. (*Id.*; Doc. 8-7.) The declaration provides Lam's immigration history and the timeline for submission of a travel document issuance for Vietnam. (Doc. 8-7.) The declaration asserts that there is a significant likelihood of removal in the reasonably foreseeable future because in 2025, Vietnam issued travel documents to 699 people for removal, including 327 individuals that entered the United States pre-1995. (*Id.* at 3.) Therefore, in the declarant's view, it is anticipated that Lam will be removed once a travel document is issued and that removal is imminent. (*Id.* at 3.)

Section 1231(a) "governs the detention, release, and removal of individuals 'ordered removed.'" *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). Section 1231(a)(1)(A) provides that, following entry of a final order of removal, the United States generally must effectuate the noncitizen's removal during a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). The "removal period" starts on the latest of the following: (1) the date when the order of removal becomes administratively final (that is, appeal to the Board of Immigration Appeals was either taken and ruled upon or the time to appeal expired); (2) if the removal order

is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order; or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from confinement. *See id.* § 1231(a)(1)(B).

Detention is mandatory during this first 90 days. *Id.* § 1231(a)(2) ("During the removal period, the Attorney General *shall* detain the alien." (emphasis added)). Following expiration of the 90-day removal period, certain noncitizens "may" be detained. *Arteaga-Martinez*, 596 U.S. at 578–79 (quoting 8 U.S.C. § 1231(a)(6)). How long a noncitizen may be detained pursuant to Section 1231(a)(6) following the 90-day removal period has been the subject of considerable litigation.

In *Zadvydas*, the Supreme Court held that Section 1231(a)(6) "does not permit indefinite detention," but rather "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. According to *Zadvydas*, a period reasonably necessary to bring about a noncitizen's removal from the United States is presumptively six months. *Id.* at 701. Thus, noncitizens detained under Section 1231(a)(6) past the six-month presumptively-constitutional period may bring a due process challenge to their continued detention should that detention become prolonged and potentially unlawful. *See Zadvydas*, 533 U.S. at 699–701. If the

noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701; *see also* 8 C.F.R. §§ 241.4, 241.13 (establishing agency procedures for determining whether noncitizens detained under 1231(a) past 90-day removal period should be released on supervision or remain in detention). The determination of what constitutes the reasonably foreseeable future shrinks as the period of confinement increases. *Id.*

Here, the parties do not dispute that there is a final order of removal and that the 90-day removal period has passed. Further, it does not appear that the parties dispute that Lam has been re-detained since October 30, 2025. Examining only this recent period of detention, Lam has been detained for nearly eleven months, which is significantly more than the presumptively reasonable period of six months.

The question of whether pre-1995 Vietnamese refugees will be removed to Vietnam in the reasonably foreseeable future has been litigated in this district and other courts. *See, e.g.*, *Van Phan v. Warden of Fed. Corr. Inst. Lewisburg*, No. 3:26-cv-770, 2026 WL 1080390 (M.D. Pa. Apr. 21, 2026) (examining the history of removal to Vietnam for pre-1995 refugees); *Nguyen v. Scott*, 796 F. Supp. 3d 703 (W.D. Wash. 2025) (same); *Trinh v. Homan*, 466 F. Supp. 3d 1077 (C.D. Cal. 2020) (same); *Lam v. Noem*, 3:25-cv-397, 2026 WL 492383 (W.D. Pa. Feb. 23,

2026) (same). In *Van Phan v. Warden of Federal Correctional Institution Lewisburg*, 2026 WL 1080390, at *4–5, the court detailed the lengthy history of the United States attempting to obtain appropriate travel documents for individuals ordered removed to Vietnam. The *Van Phan* court noted that Vietnam has "long refused to accept Vietnamese nationals who came to the United States as refugees before 1995." *Id.* at *4 (citing *Nguyen*, 796 F. Supp. 3d at 714; *Trinh*, 466 F. Supp. 3d at 1083–84). *Van Phan* and other courts have found that "evidence of the process for procuring travel documents from Vietnam for pre-1995 immigrants establishes a good reason to believe that removal of a pre-1995 Vietnamese immigrant detained under 8 U.S.C. § 1231 is not reasonably foreseeable." *Van Phan*, 2026 WL 1080390, at *5 (citing *Lam*, 2026 WL 492383, at *6-7 (holding pre-1995 Vietnamese refugee removal not reasonably foreseeable with travel document application pending for five months); *Luong v. Oddo*, 3:25-cv-422, Doc. 21 (W.D. Pa. Feb. 20, 2026) (holding pre-1995 Vietnamese refugee removal not reasonably foreseeable with travel document application pending for four months); *Bo v. Bondi*, 3:26-cv-28, Doc. 18 (W.D. Pa. Feb. 1, 2026) (same)). Because Lam has shown that the process for obtaining his TDR began in November 2025 (excluding any earlier attempt), and no travel documents have been issued by Vietnam to date (ten months later), Lam has established good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

Turning to Respondents' burden to rebut Lam's showing, courts within the Third Circuit have found that "assertions from the government of a remote possibility of eventual removal is not sufficient evidence to rebut that showing." *Van Phan*, 2026 WL 1080390, at *5 (citations omitted). The only evidence provided by Respondents is a declaration from a deportation officer that DHS has requested a travel document for Lam and there is a significant likelihood that it will be issued in the reasonably foreseeable future. (*See* Doc. 8-7.) The court finds this conclusion to be speculative and unsupported by any evidence, especially given the history of attempting to obtain travel documents for Lam in 2012 without success, and the current ten-month waiting time. *See Van Phan*, 2026 WL 1080390, at *6 (citing other cases holding the same). Thus, Respondents have failed to rebut Lam's showing. The court will grant Lam's petition and order his immediate release on the same conditions previously imposed.

## CONCLUSION

For these reasons, the court will grant Lam's petition for writ of habeas corpus and order his immediate release on conditions previously imposed. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 10, 2026